COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-02-191-CR
NO. 2-02-192-CR
NO. 2-02-193-CR
NO. 2-02-194-CR

THOMAS MARTIN LOGAN                                                      APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
COUNTY COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Thomas Martin Logan owns a raceboat which he built to 
compete in boating drag races. He has a team of three to five people, has won 
national and world championships, and tests the boat in a bay on Lake 
Granbury. The boat was apparently test run in April and on separate occasions 
on June 9 and June 10, 2001. Appellant received a citation for “wrekless 
operation of a motor boat” [sic] in April and eight citations for “reckless 
operation and excessive speed” in June. All nine cases were tried upon his no 
contest plea in justice court. Appellant appealed to the county court. After jury 
selection, but before the presentation of evidence, the State dismissed five of 
the eight June citations. The county attorney then presented the four 
remaining cases as excessive speed offenses. 
 

 The jury found Appellant guilty 
of all four offenses, and the trial court fined him $250 in each case. 
I. Cause No. 2-02-194-CR—The April Activity
        In his first point, Appellant contends that the trial court erred by denying 
his motion to sever the trial of the offense alleged to have occurred in April 
from the trial of the alleged June offenses. Section 3.04 (a) of the Texas Penal 
Code provides that a defendant shall have a right of severance when “two or 
more offenses have been consolidated or joined for trial under Section 3.02.” 
 

 
Section 3.02 provides that “[a] defendant may be prosecuted in a single
criminal action for all offenses arising out of the same criminal episode.”
 

 
 
 
Section 3.01 defines “criminal episode” as 
the commission of two or more offenses, regardless of whether the
harm is directed toward or inflicted upon more than one person or
item of property, under the following circumstances:
 
(1) the offenses are committed pursuant to the same 
transaction or pursuant to two or more transactions that are 
connected or constitute a common scheme or plan; or 
 
(2) the offenses are the repeated commission of the same or 
similar offenses. 
 



        In the cases now before this court, Appellant was charged with the 
commission of one offense on April 16, 2001 and three offenses on June 10, 
2001. While the jury panel was waiting but before jury selection, Appellant 
orally moved to sever the April offense from the June offenses. The trial court 
denied the motion to sever because the April 16 activity was “a repeated 
commission of the same or similar offense” as those alleged to have occurred 
in June. 
        Appellant also filed motions to quash the criminal informations. The trial 
court pointed out that specific pre-trial hearing dates had been set and that no 
motions had been filed or heard on those dates, but that “now with a jury panel 
sitting in front of us we’re having or hearing these objections.” He held that 
the motions were not timely and had been waived. It is unclear whether the 
court was holding that all motions were untimely or only the complaints 
regarding the sufficiency of the charging instruments. 
        A timely motion to sever must be granted. 
 

 Articles 27.02 and 28.01 of 
the Texas Code of Criminal Procedure provide for the raising and timing of a
defendant’s pleadings and motions.
 

 If the trial court schedules a pre-trial 
hearing, the trial court can require that pre-trial motions be filed for hearing at
the pre-trial setting.
 

 The Texas Court of Criminal Appeals has held that a 
motion to sever can be either a pleading or a motion raised by a defendant, but
in any event, it is a “pleading of the defendant” as defined by article
27.020(8).
 

 Consequently, its timing is governed by article 28.01. 
 

 Because 
Appellant’s motion was not made pre-trial in compliance with article 28.01, it
was untimely.
 

 The trial court therefore properly denied the motion. We 
overrule Appellant’s first point on appeal. Having overruled the only point
raised by Appellant in this case, we affirm the trial court’s judgment in cause
no. 2-02-194-CR.
II. Cause No. 2-02-192-CR—Complainant Bunn Butler
        In his points designated 2a and 2b, Appellant argues that the evidence 
was factually insufficient to support complainant Bunn Butler’s identification of 
Appellant as the operator of the race boat on June 10 and to support the 
“unreasonableness and imprudence” of Appellant’s operation of the boat as 
observed by complainant Butler. In his point designated 2c, Appellant 
complains that the trial court impermissibly commented on the weight of the 
evidence.
        In reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party.
 

 Evidence is factually insufficient if it is so weak as to be clearly wrong 
and manifestly unjust or the adverse finding is against the great weight and
preponderance of the available evidence.
 

 Therefore, we must determine 
whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the verdict, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.
 

 In performing this review, we 
are to give due deference to the fact finder’s determinations.
 

 We may not 
substitute our judgment for that of the fact finder’s.
 

 Consequently, we may 
find the evidence factually insufficient only where necessary to prevent
manifest injustice.
 


        To make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. 
 

 A proper factual 
sufficiency review must include a discussion of the most important and relevant
evidence that supports the appellant’s complaint on appeal.
 


        Bunn Butler testified regarding this particular case that on June 10, the 
racing boat was within fifty to sixty feet of his dock. He also testified that the 
test run “happened so fast that it was hard to keep up with.” He identified the 
boat as purple and teal with “Riding on Rails” written on the side of it, and
possibly “House of Colour.” He at first stated that “he [Appellant] was the one
driving the boat when he come up close to my dock.” When questioned by the
court, he said, “I think it’s Mr. Logan here.” He then volunteered, “To the best
of my knowledge it was this gentleman right here.”
        Butler initially testified that he thought that the driver was wearing a 
black helmet, with maybe a little red on it; later he stated that “[b]est I can 
remember it was a black helmet, it -- I can’t recall. It might have had a little red 
on it, but I think it was a black helmet.” When handed a picture of another 
helmet, he testified, “I wasn’t this close to it, but it’s similar to it. I wasn’t that 
close to it.” Defense counsel then asked: 
Q.Are you able to look at that and tell whether or not that is
Mr. Logan in that helmet? 
 
A.I can’t tell from this distance. The sun was bright outside 
and the lights in here are not as good as it was outside. 

        Butler testified that the boat operator was wearing a helmet that covered 
his chin, but he saw the boat operator’s eyes and nose. He stated that “to me 
it looked like his eyes and his nose.” He could not remember whether the visor 
was up or down and, therefore, whether he saw the face directly or through the 
visor. He stated that he could not see the chin because of the chin strap. 
        On cross examination, he indicated that “[m]y concern is he’s going to 
run over somebody. He goes back and forth up there and runs everybody off 
the lake.” 
        Three defense witnesses, Pam Denton, Appellant, and Frances Peters, Vic 
Peters’s mother, testified that Vic Peters was operating the boat on June 10, 
not Appellant. Butler’s shaky identification of Appellant as the boat operator 
after seeing a mostly obscured face from fifty to sixty feet away for an instant 
in bright sunlight does not mesh with his inability to determine whether a 
helmeted individual in a picture in his hand, viewed at his leisure in court, was 
also Appellant. The State’s weak evidence, coupled with the defense 
witnesses’ contradictory testimony, undermines confidence in the verdict. 
 

 To 
prevent manifest injustice, we must therefore hold that the evidence is factually
insufficient to prove that Appellant was the operator of the boat during the
incident in question.
 

 We sustain Appellant’s point designated 2a and do not 
reach points 2b and 2c.
 

 Because the evidence is factually insufficient to 
support the verdict, we reverse the trial court’s judgment in cause no. 2-02-092-CR and remand this case to the trial court.
 
III. Cause No. 2-02-191-CR—Complainant Robert Holman and 
Cause No. 2-02-193-CR—Complainant Marjorie Booth
        Appellant challenges the legal sufficiency of the evidence to support a 
jury finding that he was the driver of the boat in question at the time of the 
commission of these two alleged offenses on June 10 and also challenges the 
factual sufficiency of the evidence to satisfy the element of “unreasonableness 
and imprudence.” 
 


        In reviewing the legal sufficiency of the evidence to support a conviction, 
we view all the evidence in the light most favorable to the verdict to determine 
whether any rational trier of fact could have found the essential elements of the 
crime beyond a reasonable doubt. 
 

 This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate
facts.
 

 When performing a legal sufficiency review, we may not sit as a 
thirteenth juror, re-evaluating the weight and credibility of the evidence and,
thus, substituting our judgment for that of the fact finder.
 


        The only eyewitness to the operation of the boat in connection with 
cause no. 2-02-191-CR was Robert Holman. Holman testified, and the State 
concedes, that he was unable to identify the operator of the boat. The only 
eyewitness in cause no. 2-02-193-CR, Marjorie Booth, also testified, as the 
State concedes, that she could not identify the operator of the boat. The State, 
however, argues that because Appellant was identified as the driver of the boat 
in cause number 2-02-192-CR, that evidence should be sufficient to show that 
he was the operator in the other June 10 cases. The State provides no legal 
argument to support its position, but instead resorts to personal attacks on 
Appellant’s counsel. Notwithstanding the fact that we have already held that 
identification evidence was factually insufficient to support the conviction in the 
case for which it was actually offered, we will respond to the State’s 
arguments. 
        To meet Appellant’s challenge at trial that the offenses alleged to be 
committed on June 10 were a single offense rather than three separate 
offenses, the State argued that, to the contrary, they were three separate and 
distinct offenses. The State now argues that the three offenses for which 
Appellant was tried cannot be separated. We hold that the State is judicially 
estopped from taking inconsistent positions at trial and on appeal. Judicial 
estoppel protects the integrity of judicial proceedings by precluding a party from 
asserting a position in a legal proceeding which is inconsistent with a position 
previously taken by the party. 
 


        The three June 10 cases were tried as three separate offenses. There is 
no evidence that the same person operated the boat during each test run and 
there is no evidence that the driver of the boat was the same person on each 
separate test run. Consequently, there is no evidence of the identity of the 
driver in cause nos. 2-02-191-CR and 2-02-193-CR. Appellant testified in his 
own behalf that he did not drive the boat at all during the test runs on June 10. 
Instead, he testified that the operator of the boat was his crew chief, Victor 
Peters. Frances Peters, the mother of Victor Peters, testified that her son 
operated the craft in the test run done on a Sunday in June. Pam Denton also 
testified that Victor Peters operated the boat on June 10. No one testified that 
Appellant operated the boat during the commission of the offenses alleged in 
cause numbers 2-02-191-CR and 2-02-193-CR, nor was there testimony that 
the person who operated the boat in cause number 2-02-192-CR was the same 
person who operated the boat in 2-02-191-CR and 2-02-193-CR. 
        We hold that the evidence is legally insufficient to support Appellant’s 
convictions in cause number 2-02-191-CR and 2-02-193-CR. We sustain 
Appellant’s points 3a and 4a and do not reach Appellant’s points 3b and 4b. 
 


Because the evidence is legally insufficient to support Appellant’s convictions 
in these two cases, we reverse the judgments of the trial court and render
judgments of acquittal in cause numbers 2-02-191-CR and 2-02-193-CR.
 


 
IV. Conclusion 
        We affirm the trial court’s judgment in cause number 2-02-194-CR. We 
reverse and render judgments of acquittal in cause numbers 2-02-191-CR and 
2-02-193-CR. Finally, we reverse the trial court’s judgment in cause number 
2-02-192-CR and remand that sole case for a new trial. 
 
 
                                                                  LEE ANN DAUPHINOT 
                                                                  JUSTICE
 
PANEL A:   DAY, LIVINGSTON, and DAUPHINOT, JJ. 
DO NOT PUBLISH 
Tex. R. App. P. 47.2(b) 
DELIVERED: October 2, 2003